DENNY CARLETON, Respondent, v. CHARLES M. PACKARD, Appellant, Impleaded with AGNES C. PACKARD.

*Mortgage foreclosure — conflict of evidence — when the referee's conclusions will not be disturbed.*

In an action brought for the foreclosure of a mortgage executed by the defendants to the plaintiff, the only defense litigated upon the trial was one to the effect that the note, and the mortgage given to secure it, were put in the hands of a third person to be delivered to the plaintiff when he should purchase and surrender three notes outstanding against the defendant, together with a quitclaim deed to defendant from his wife, a receipt that she had received from the plaintiff $1,060 and a bond executed by the plaintiff to indemnify the defendant against the future support and acts of his wife. The person intrusted with such mortgage received all of such instruments so to ·be surrendered except the bond, and delivered the note and mortgage to the plaintiff.

The controversy between the parties on the trial was whether there was any agreement that plaintiff should give such bond or any condition that the note and mortgage should not be delivered until such bond was given, as to which the referee before whom the case was tried found that there was no such agreement or condition.

Evidence was given tending to show that all the defendant Packard required was an agreement from his wife not to come upon him for support in the future, and that at the time he put the mortgage in the hands of the third person he did not understand the full necessity for the bond, nor appreciate the remarks his attorneys made on the subject.

The defendant testified that he instructed the third person not to deliver the mortgage until the plaintiff had executed and delivered the bond of indemnity, and a witness testified that he understood such a bond was to be given. This evidence was, however, contradicted by the plaintiff and the third person, the latter of whom appeared to have taken a careful memorandum of his instructions. All the papers necessary to carry out the agreement were drawn by the defendant or his attorneys, but no such bond was prepared.

A letter was written by the defendant to such third person in which he said his lawyer understood the plaintiff was to give a bond, and that rather than discuss the matter further, he would take the chances of his wife's ever returning upon him. Such letter also substantially directed the third person to go on without the bond and to take care only that he had three witnesses to the mental ability of defendant's wife to execute the paper prepared for her.

*Held*, that there was no such strong preponderance of evidence in favor of the defendants as would warrant an interference with the referee's conclusions.

APPEAL by the defendant, Charles M. Packard, from a judgment of the Supreme Court, rendered at the Broome County Special Term in favor of the plaintiff and entered in the office of the clerk of said

county on the 6th day of April, 1892, upon the report of a referee fixing the amount due on a mortgage and directing the sale of the premises therein described.

The third person to whom the note and mortgage referred to in the opinion were intrusted was one J. M. Talcott.

*Alex. & A. W. Cumming*, for the appellant.

*Jerome De Witt*, for the respondent.

PARKER, J.:

This action is brought to foreclose a mortgage executed by the defendants to the plaintiff. The defendant, Charles M. Packard, alone answers. The only defense which was litigated upon the trial is to the effect that the note, and mortgage given to secure it, were put into the hands of a third person, to be delivered to the plaintiff when he should produce and surrender three certain notes outstanding against the defendant; also a quit-claim deed from the defendant's wife to himself, duly executed and acknowledged by her, and a receipt that she had received from the plaintiff the sum of $1,060, and a bond executed by the plaintiff to indemnify the defendant against the future support and acts of his wife.

The person so intrusted with the mortgage received from the plaintiff all of such articles, except the bond, and delivered the note and mortgage to the plaintiff. The controversy between the parties is whether there was any agreement that plaintiff should give such bond on any condition that the note and mortgage should not be delivered to the plaintiff until such bond was given.

Such question is purely one of fact, and the referee before whom the case was tried has found that there was no such agreement or condition. The question presented to this court is, whether it should reverse that finding.

A careful examination of the evidence shows a very decided conflict upon that question, and we are by no means able to say that there is such a strong preponderance in favor of the defendant as would warrant us in interfering with the referee's conclusions.

There is very much in the evidence to indicate that all the defendant Packard required was an agreement from his wife not to come

upon him for support in the future. It looks as if at the time he put the mortgage into Talcott's hands, he did not understand the full necessity for a bond from the plaintiff, nor appreciate the remarks his attorneys made on that subject. Although he swears that he instructed Talcott not to deliver the mortgage until the plaintiff executed and delivered a bond of indemnity in exchange, and although Bloomer testified that he understood such a bond was to be given, the evidence is squarely contradicted by both the plaintiff and Talcott, and the latter seems to have been very careful to take a memorandum of his instructions.

It is also a significant fact that, although all the papers necessary to carry out the agreement were drawn up by Packard or his attorney, no such bond was prepared. If the plaintiff was to execute such a bond one would naturally expect that it would have been prepared and executed in this State, where it was to be used, and also where it could be inspected by Packard, rather than be left to be drawn and executed in a foreign State, and accepted by Talcott without opportunity for Packard to approve it.

But most significant of all is the letter written by the defendant to Talcott, and evidently sent soon after he left Binghamton. In that the defendant says his lawyer understood the plaintiff was to give a bond. He does not claim that he himself so understood and had provided for it. He further says that, rather than discuss the matter any more, he would take the chances of his wife's ever returning upon him, clearly indicating that he did not understand that a bond was already provided for, and no further discussion was necessary. The letter also substantially directs Talcott to go on without a bond, and only take care that he had three witnesses to the mental ability of his wife to execute the paper prepared for her.

In view of such facts, clearly the finding of the referee should not be disturbed by this court. (*Baird* v. *Mayor, etc., of City of N. Y.*, 96 N. Y. 567.)

We have also examined the rulings of which the appellant complains, and do not find in them any error for which a new trial should be granted.

The defendant, therefore, has not shown any defense against the mortgage. It was given upon an abundant consideration, to wit, to pay his debts and to furnish a fund for the support of his wife.

That fund the plaintiff seems to have fully advanced, and to have in all respects performed the conditions upon which he was to receive the mortgage from Talcott. The judgment, therefore, is correct, and should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.